**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EXECWARE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-383-LPS |
| | ) |
| TARGET CORPORATION, and | ) **JURY TRIAL DEMANDED** |
| TARGET BRANDS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S CLAIM OF INDIRECT INFRINGEMENT**

Defendant Target Corporation ("Target") respectfully moves this Court to dismiss Plaintiff Execware, LLC's ("Execware") claims of indirect patent infringement and would show the Court as follows:

**SUMMARY OF ARGUMENT**

Execware fails to state a claim for indirect patent infringement. While Execware does not specifically allege a count of indirect infringement against Target, it does reference indirect infringement in its prayer for relief when asking this Court to enter a judgment of indirect infringement. (D.I., Prayer for Relief, ¶ 1 ("A judgment that each Defendant has infringed (either literally or under the doctrine of equivalents), directly or *indirectly*, one or more claims of the '139 patent") (emphasis added).) To the extent that Execware's Complaint might be read as alleging claims for indirect infringement against Target, the Complaint is devoid of any factual support for such claims. In fact, Execware does not even provide a formulaic recitation of the elements for such claims.

Because Execware's current pleading deficiencies fail to give Target fair notice of the claims against it, this Motion to Dismiss should be granted. In the alternative, Execware should

be required to replead its Complaint so as to provide the necessary facts and information to support its patent infringement claims.

## PROCEDURAL BACKGROUND

On March 26, 2012, Execware initiated this lawsuit against Target alleging infringement of U.S. Patent No. 6,216,139 ("the '139 Patent). (*See* D.I. 1.) The Court subsequently granted Target an enlargement of time, until and through May 17, 2012, to file its responsive pleading to Execware's Complaint. Because Execware's Complaint does not state cognizable claims of indirect patent infringement, Target now moves to dismiss Execware's indirect infringement claims pursuant to Rule 12(b)(6).

## BACKGROUND

The '139 Patent, entitled "Integrated Dialog Box for Rapidly Altering Presentation of Parametric Text Data Objects on a Computer Display," issued on April 10, 2001. (D.I. 1, ¶ 6.) Robert Listou is the named inventor, and he purportedly assigned the '139 Patent to Execware, which filed the Complaint in this action. (*See id*., ¶ 6 and Ex. A.)

In the Complaint's prayer for relief, Execware makes conclusory allegations regarding indirect infringement activities. Specifically, Execware alleges:

> A judgment that each Defendant has infringed (either literally or under the doctrine of equivalents), directly or *indirectly*, one or more claims of the '139 patent.

(D.I. 1, at Prayer for Relief, ¶ 1.) Because Execware's only reference to any claim of indirect infringement is buried in its prayer for relief—rather than cast as formal claims—Target is left to guess whether it also faces claims of indirect infringement. If Execware intends to assert such claims of indirect infringement, then it should be required to satisfy its pleading obligations with respect to those claims, which its current Complaint does not do.

**ARGUMENT AND AUTHORITIES**

**I.     Legal Standard for Motions to Dismiss Patent Infringement Complaints.**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when the plaintiff fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 requires Execware to make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). While it does not require pleading with particularity, Rule 8(a)(2) does require that the accused infringer be given "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555-56 (quoting *Conley* v. Gibson, 355 U.S. 41, 47 (1957)). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly,* 550 U.S. at 556). Execware's boilerplate assertions of indirect infringement fail to comply with its pleading requirements.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Execware has failed to meet its threshold requirement. The Supreme Court in *Iqbal* also made clear that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In answering that question, and deciding a Rule 12(b)(6) motion to dismiss, the courts should look only to the allegations in the complaint. *See Jones v. Bock*, 549 U.S. 199, 215

(2007). Here, Execware's Complaint does not contain sufficient factual content to yield the "reasonable inference" that Target has indirectly infringed the patent asserted by Execware.

## II.   Execware Fails to State Claims for Indirect Infringement Against Target.

As noted above, the only allegation referencing indirect infringement is found in Execware's prayer for relief. Execware simply alleges that Target has "indirectly" infringed the '139 Patent. (D.I. 1, at Prayer for Relief, ¶ 1.) Although it is unclear from the Complaint whether Execware accuses Target of indirect infringement, to the extent it does so, such claims should be dismissed pursuant to Rule 12(b)(6).

Execware's general reference to Target "indirectly" infringing the '139 Patent falls far short of what Rule 8 requires when alleging indirect infringement. First, the Complaint fails to make the requisite showing of direct infringement by any party, fails to identify a direct infringer, and even fails to accuse any specific product or service that Target offers. Such allegations are required to establish indirect infringement. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007); *see also Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009). Second, Execware's Complaint does not even assert, let alone provide facts to support, certain intent and knowledge elements required to establish inducement or contributory infringement. *See Mallinckrodt*, 670 F. Supp. 2d at 354-355 (dismissing indirect infringement claims after finding that the plaintiff had failed to allege the required intent and knowledge elements sufficiently); *see also EON Corp. IP Holdings LLC v. FLO TV Inc.*, C.A. No. 10-812-SLR, 2011 WL 2708945, at * 3-4 (D. Del. July 12, 2011) (same). At a minimum, to support a claim for indirect infringement, Execware was required to assert that Target possessed knowledge of the '139 Patent at the time of the allegedly infringing activities. *See id*. By failing to even articulate, let alone provide any supporting facts for, the

knowledge and intent elements of an indirect infringement claim, Execware's Complaint fails to state a claim for indirect infringement and such claims should be dismissed.

## CONCLUSION

Execware's Complaint fails to state claims for indirect infringement against Target. Therefore, pursuant to Rule 12(b)(6), Target requests that the Court dismiss Execware's indirect infringement claims for failure to state a claim upon which relief may be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Dan D. Davison
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Tel: (214) 855-8000
ddavison@fulbright.com

Richard Zembek
Paul Dyson
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney Suite 5100
Houston, TX 77010-3095
Tel: (713) 651-5283
rzembek@fulbfight.com
pdyson@fulbright.com

By: /s/ Richard L. Horwitz
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE 19801
  Tel: (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

*Attorneys for Defendant Target Corporation*

Dated: May 17, 2012
1059804 / 39133

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 17, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 17, 2012, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk | Marc A. Fenster |
| Stephen B. Brauerman | Russ, August & Kabat |
| Vanessa R. Tiradentes | 12424 Wilshire Boulevard, 12th Floor |
| Bayard, P.A. | Los Angeles, CA  90025-1031 |
| 222 Delaware Avenue, Suite 900 | mfenster@raklaw.com |
| Wilmington, DE 19899 | |
| rkirk@bayardlaw.com | |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | |

By:  */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1059742/39133